# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Matthew Solum, P.C.
To Call Writer Directly:
+1 212 446 4688
matthew.solum@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

May 8, 2020

**VIA CM/ECF**

Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, NY 10007

Re:    *In re Mindbody, Inc. Sec. Litig.*, No. 1:19-cv-08331-VEC

Dear Judge Caproni:

I write on behalf of Defendants to respond briefly to Plaintiffs' letter motion, which asks the Court to "disregard certain new arguments" in Defendants' reply brief or to grant leave to file a sur-reply.[1]  (Dkt. No. 43, at 1 ("Ltr.").)  As explained below, Plaintiffs' criticisms of Defendants' reply brief are without merit, and thus there is no basis for either form of requested relief.  Nevertheless, if it would be helpful to the Court, Defendants are not opposed to providing Plaintiffs an opportunity to submit a sur-reply, provided that Defendants receive an equal opportunity to respond to that submission.[2]  To avoid further burdening the Court, Defendants suggest that the submissions be limited to five or fewer pages.

Plaintiffs' letter motion is premised on a misunderstanding of the procedural rules, as well as a mischaracterization of Defendants' reply brief.  The rules do not limit a reply brief to merely recycling the same points made in the opening brief.  To the contrary, a reply brief is intended to address issues covered in the opening brief and to respond to arguments made in the opposition brief.  *See, e.g., Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (quotations omitted); *see also Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 74 n.4 (S.D.N.Y.

---

[1]    Counsel for Defendant Eric Liaw joins in this response.

[2]    *Cf. United States v. Carton*, 2018 WL 4360781, at *2 (S.D.N.Y. Sept. 6, 2018) (McMahon, C.J.) (noting that the overall briefing structure is designed so that the movant "gets the last word").

# KIRKLAND & ELLIS LLP

The Honorable Valerie E. Caproni
May 8, 2020
Page 2

2006) (reply affidavits "directly respond[ing] to issues raised in [plaintiff's] opposition" were proper). Defendants' reply brief is fully compliant.[3]

To begin with, Plaintiffs argue that, in their opening brief, Defendants "did not contest the existence of [a Delaware duty to disclose] or its relevance to securities claims." (Ltr. at 2 (emphasis omitted); *see* Opp'n at 45.) That is wrong. The opening brief extensively argues that Defendants had no duty to disclose the allegedly omitted information. (Mot. at 28-35.) Defendants' lead argument on that issue was that "[f]or an omission to be actionable, *the securities laws*"—not state fiduciary duty laws—"must impose a duty to disclose the omitted information." (Mot. at 28 (emphasis added) (quoting *Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002)).) The reply brief advances these same points. (*See* Reply at 10 (explaining that a relevant duty to disclose must come from the securities laws, not from "the entire diffuse body of the 50 states' corporate fiduciary duty laws"). What's more, Defendants were directly replying to the (incorrect) argument in Plaintiffs' opposition brief that Delaware law imposes additional disclosure obligations that are actionable under the federal securities laws. (*See* Reply at 12; Opp. at 44-45.) Defendants' rebuttal was entirely appropriate. *See Mattera*, 239 F.R.D. at 74 n.4.

Next, Plaintiffs argue that "the Reply addresses many of the AC's most important facts for the first time." (Ltr. at 2.) Here, Plaintiffs quibble with the fact that Defendants' opening brief did not expressly mention certain allegations in Plaintiffs' 107-page, 378-paragraph Amended Complaint. But there was no need to do so because Defendants argued that statements concerning Mindbody's Q4 guidance were inactionable forward-looking statements, protected by the PSLRA safe harbor. (*See* Mot. at 13-15.) Plaintiffs opposed that argument by claiming that the safe harbor does not apply because the Q4 guidance was knowingly false when made (*see* Opp. at 30 (citing Opp. at Section IV(B)(1)), pointing to allegations they claim present "*unopposed* proof" of the alleged knowing falsity, (*id.* at 23-26). In reply, Defendants did as one would expect: responded to Plaintiffs' argument to show that Plaintiffs' identified allegations fail to demonstrate knowing falsity. This is classic rebuttal and the very purpose of a reply brief.

Finally, Plaintiffs contend that "the Reply now argues for the first time that Plaintiffs lack standing under § 14(a)." (Ltr. at 2.) That is wrong because the reply brief did not challenge Plaintiffs' standing. Instead, it cited a Section 14(a) standing decision as illustrative of why Plaintiffs have not adequately alleged materiality. (Reply at 24.) The opening brief raised this same point, arguing that the idea that any of the alleged misstatements could have impacted the decisions of putative class-members on how to vote was "particularly nonsensical given that

---

[3]   Plaintiffs' objection to Defendants' footnote regarding the COVID-19 pandemic, (*see* Ltr. at 1-2), does not warrant much discussion. Certainly the pandemic had not emerged as a significant issue at the time of the opening brief (February 18), and Defendants were merely encouraging Plaintiffs to voluntarily dismiss their case, not making a merits argument.

## KIRKLAND & ELLIS LLP

The Honorable Valerie E. Caproni
May 8, 2020
Page 3

Plaintiffs' proposed class includes only investors who sold their stock prior to the Merger vote."
(Mot. at 26 & n.13; *see also* Ltr. at 2 (citing same).)  In their opposition, Plaintiffs argued that
certain information "was important for shareholders to have before they vote."  (Opp. at 45.)
Thus, it was perfectly fair and appropriate for Defendants to reiterate why it is absurd for these
Plaintiffs, and this proposed class, to allege an impact on their voting decisions concerning a
company they had sold their interests in before the relevant vote took place.  (*See* Reply at 24.)
In any event, "[a]s a jurisdictional requirement, standing to litigate cannot be waived or
forfeited." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

\*\*\*

For the foregoing reasons, Plaintiffs have articulated no proper basis for their requested
relief.  However, as noted above, Defendants do not oppose additional briefing if it would be
helpful to the Court.  If the Court permits such briefing, Defendants respectfully suggest that
each side be limited to an additional five-page sur-reply. *See, e.g.*, *Valelly v. Merrill Lynch,
Pierce, Fenner & Smith Inc.*, No. 19-cv-07998 (S.D.N.Y. Jan. 21, 2020) (granting leave to file
one-page sur-reply and granting Defendants the opportunity to file a sur-sur-reply of equal
length).

Respectfully submitted,

*/s/ Matthew Solum*
Matthew Solum, P.C.

cc:        All Counsel of Record (via CM/ECF)