USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2020

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE MINDBODY, INC. SECURITIES
LITIGATION

Civil Action No. 1:19-cv-08331-VEC

## STIPULATION AND [~~PROPOSED~~] ORDER
## GOVERNING THE PRODUCTION AND EXCHANGE OF
## CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in

discovery proceedings, which may include, among other things, taking depositions and

producing documents; and

WHEREAS, those discovery proceedings will necessarily involve the production of

certain information that the parties to the Litigation (the "Parties," each a "Party") or non parties

may believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their

undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil

Procedure 26(c), that this Stipulation and Order for the Production and Exchange of Confidential

and Highly Confidential Information (the "Protective Order") will govern the handling of

documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery

requests, interrogatory responses, responses to requests to admit, and responses to requests for

documents, and electronically stored information, and any other information or material

produced, given or exchanged, including any information contained therein or derived therefrom

("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this Litigation.

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party in good faith and reasonably believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material").  Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Protective Order if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of this Protective Order is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

2.      The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

A.      In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential"  or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media or database containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD), or by affixing the legend "Confidential" or "Highly Confidential" to the slip sheet produced with the native material.

B.      In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition

or testimony; or (ii) by written notice, sent to all Parties within 10 business days of receipt of the rough or final transcript (whichever is received first) designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material.  All depositions and other pretrial testimony shall be treated as Highly Confidential Discovery Material until the designation of such testimony pursuant to sections (i) and (ii) of this sub-paragraph.  The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

C.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

3.      The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4.      Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential" or "Highly Confidential": (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential

Discovery Material, or (ii) producing a replacement copy of the document (utilizing the same Bates number as the originally produced version) in a manner consistent with Paragraph 2.  Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its reasonable best efforts to ensure: (i) the return or destruction of such Discovery Material by any person not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Protective Order; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Highly Confidential" when originally produced; (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order; and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 9 of this Protective Order.

5.     Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with this Litigation and in accordance with this Protective Order:

A.    The Parties and the directors, officers, employees, partners, and management personnel, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Protective Order;

B.    Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

C.    Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.    Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, including any depositions taken in coordination with the litigation captioned *In re MINDBODY, Inc. Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.);

E.    Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

F.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation, including any depositions taken in

coordination with the litigation captioned *In re MINDBODY, Inc. Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.), or any appeal therefrom;

       G.     Mediators and/or third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, the other non-parties;

       H.     Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written Protective Order of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto; and

       I.     To the extent any Confidential Discovery Material was originally produced in a different legal proceeding, any person to whom disclosure of Confidential Discovery Material was authorized by court Order, stipulation of the parties to that other action, or otherwise in the legal proceeding in which the Confidential Discovery Material was originally produced, such Confidential Discovery Material may be disclosed, summarized, described, or otherwise characterized or made available in whole or in part to that person.  A Party may reproduce in this Litigation any of its own Confidential Discovery Material from a different legal proceeding without seeking leave of Court or permission from parties to the different legal proceeding.

       6.     Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following person for use in connection with the Litigation and in accordance with this Protective Order:

A.      Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

B.      The following designated employees or representatives from the Parties in the above-captioned action:  (1) the former Board of Directors of Mindbody, Inc. during the Class Period, (2) Doug Johnston, and (3) Jenelle Schmidt, provided that such persons sign an undertaking in the form attached as Exhibit A hereto;

C.      Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.      Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, including any depositions taken in coordination with the litigation captioned *In re MINDBODY, Inc. Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.);

E.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

F.      The Court, persons employed by the Court, consultants of the Court necessary for the adjudication of the Litigation, and court reporters transcribing any hearing, trial, or deposition in this Litigation, including any depositions taken in coordination with the

litigation captioned *In re MINDBODY, Inc. Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.), or any appeal therefrom;

G.     Mediators and/or third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, the other non-parties;

H.     Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written Protective Order of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto; and

I.     To the extent any Highly Confidential Discovery Material was originally produced in a different legal proceeding, any person to whom disclosure of Highly Confidential Discovery Material was authorized by court Order, stipulation of the parties to that other action, or otherwise in the legal proceeding in which the Highly Confidential Discovery Material was originally produced, such Highly Confidential Discovery Material may be disclosed, summarized, described, or otherwise characterized or made available in whole or in part to that person.  A Party may reproduce in this Litigation any of its own Highly Confidential Discovery Material from a different legal proceeding without seeking leave of Court or permission from parties to the different legal proceeding.

7.     To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if

the Confidential Discovery Material may not be disclosed to such person under the terms of this Protective Order.

8.      Notwithstanding Paragraph 5(C) and 6(C) above, Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent reasonably necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation; provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, thereby agreeing: (a) to be bound by the terms and conditions of this Protective Order; (b) not to disclose or use any Confidential or Highly Confidential Discovery Material for any purpose other than those permitted hereunder, whether during or after the conclusion of this Litigation; (c) not to use any Confidential or Highly Confidential Discovery Material for the benefit of, or disclose any Confidential or Highly Confidential Discovery Material to, any person that is a Competitor (as defined below) of any party to the Litigation, as far as the expert or consultant can reasonably determine; and (d) not to retain any Confidential or Highly Confidential Discovery Material after the conclusion of this Litigation or to otherwise incorporate any Confidential or Highly Confidential Discovery Material into any form of document, database, file, or presentation (except those directly related to this Litigation). Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. "Competitors" are persons or entities who engage in the same lines of business, provide the same services, sell the same products, and/or operate in the same markets, as any of the Parties in this Litigation.

9.     Notwithstanding Paragraph 5(D) and 6(D) above, Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only after: (i) they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Protective Order.  Counsel for the Party showing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10.    Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.  For the avoidance of any doubt, use for purposes of this Litigation includes use in any depositions that are coordinated between this Litigation and the litigation captioned *In re MINDBODY, Inc. Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.). The Parties and their representatives (including without limitation the individuals listed in Paragraph 6(a)) further acknowledge that Confidential and Highly Confidential Discovery Material and all information derived therefrom is non-public information that shall not be used in connection with any trading activities. The foregoing shall not apply to Discovery Material that is or becomes part of the public record in accordance with the Court of Chancery Rules or the terms of this Protective Order.

11.    Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be

advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

12.     Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material (a "Confidential Filing") must be filed under seal with the Court in a manner consistent with Judge Caproni's Individual Practices in Civil Cases § 5.

13.     During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Protective Order.  The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly Confidential.

14.     The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure 26(c), for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order.

15.     Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

A.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

B.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

C.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Protective Order;

D.     Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

E.     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

F.     Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

G.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16.    This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. **The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2), and that this provision shall constitute an Order under Fed. R. Evid. 502(d).**

A.    A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.  Within seven (7) days of any Party asserting a claim of inadvertent production, the asserting Party shall furnish a privilege log containing the information contained in Section V(A) or the Electronic Discovery Agreement the governs this Litigation.

13

B.      If a claim of inadvertent production is made pursuant to this Protective Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

C.      A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.  A Party may describe the content or substance of the Inadvertent Production Material only to the extent necessary to provide the Court with an understanding of the document(s) and the basis for the motion to compel, but will submit any such description under seal to be reviewed *in camera*. A moving Party may otherwise use any information contained in the privilege log entries described in Paragraph 17(A), above, in connection with any motion to compel production of the claimed Inadvertent Production Material.

18.     Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19.     In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20.     Once the Parties agree to the terms herein, the Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

21.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 22.

22.     In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the Discovery Material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular Discovery Material.  Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures as may be necessary or advisable to protect the confidentiality of any such Discovery Material.

23.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including

the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

24.     If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four

(24) hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Protective Order.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Protective Order.

25.    No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Protective Order.  In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiver responsible for the

disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

26.      The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Protective Order.

Dated: November 23, 2020

_/s/ Carol C. Villegas_

Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk
LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
dschwartz@labaton.com
jbissell-linsk@labaton.com

*Lead Counsel for Lead Plaintiffs Walleye*
*Trading LLC and Walleye Opportunities*
*Master Fund Ltd., and Lead Counsel for the*
*Class*

_/s/ Matthew Solum_

Matthew Solum, P.C.
John Del Monaco
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
ian.spain@kirkland.com

*Attorneys for Defendants MINDBODY, Inc.,*
*Richard L. Stollmeyer, and Brett White*

Patrick Gibbs
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
(650) 843-5535

Sarah M. Lightdale
Brian M. French
Daniel P. Roy III
COOLEY LLP
55 Hudson Yards, 44th Floor
New York, New York 10001
(212) 479-6374

*Attorneys for Defendant Eric Liaw*

**SO ORDERED.**

**Date:** November 24, 2020
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE MINDBODY, INC. SECURITIES
LITIGATION

Civil Action No. 1:19-cv-08331-VEC

**ACKNOWLEDGMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.   My address is _____.

2.   My present employer is _____ and the address of my

      present employment is _____.

3.   My present occupation or job description is _____.

4.   I have carefully read in its entirety and understand the provisions of the Protective

      Order entered by the United States District Court for the Southern District of New

      York on _____ in the action *In re MINDBODY, Inc. Securities*

      *Litigation*, Civil Action No. 1:19-cv-08331-VEC (the "Protective Order").

5.   I will comply with and be bound by all provisions of the Protective Order.  I

      understand that Confidential Discovery Material and Highly Confidential

      Discovery Material under the Protective Order is being provided to me pursuant

      to the terms of the Protective Order.  I promise that I will not disclose in any

      manner any information or item that is subject to the Protective Order to any

      person or entity except in strict compliance with the provisions of the Protective

      Order.

6.    I will limit use of Confidential Discovery Material and Highly Confidential Discovery Material disclosed to me solely for purpose of this Litigation.

7.    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

8.    No later than the final conclusion of the case, I will return all Confidential Discovery Material and Highly Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____          _____
                                                                [Name]