**Labaton Sucharow**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2021

**MEMO ENDORSED**

Carol C. Villegas
Partner
212 907 0824 direct
212 907 0700 main
212 883 7524 fax
cvillegas@labaton.com

New York Office
140 Broadway
New York, NY 10005

February 24, 2021

**VIA ECF**

Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, NY 10007

RE: *In re Mindbody, Inc. Securities Litigation*, No. 19-cv-08331-VEC

Dear Judge Caproni:

I write on behalf of Co-Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. ("Plaintiffs"), and submit this letter jointly with undersigned counsel for Defendants, pursuant to Rule 5 of Your Honor's individual practices.

Plaintiffs are concurrently filing a motion seeking leave to file an amended complaint in this Action (the "proposed Second Amended Complaint"). In accordance with Rule 4(f) of Your Honor's individual practices, Plaintiffs are attaching the proposed Second Amended Complaint and a redline showing how that complaint has changed from the prior Amended Complaint, ECF No. 22.[1]

Certain of the allegations in the proposed Second Amended Complaint are derived from documents that were produced by Defendants with a confidentiality designation, in accordance with the protective order governing this case, ECF No. 67.

The parties have conferred and Plaintiffs conveyed to Defendants that, in general, the allegations based on documents disclosed through discovery include information about (a) the personal financial condition of Defendant Stollmeyer, (b) Mindbody and Vista's M&A process, and (c) the deliberations of Mindbody's senior officers and Board.

We provided Defendants with the 21 proposed exhibits accompanying the proposed Second Amended Complaint earlier this evening. Defendants have informed us that they need sufficient time to advise the Court which redactions they believe are necessary to protect their privacy and confidentiality interests and need to understand how these confidential documents are used in the

---

[1] While portions of the redline comparison would not be confidential, Plaintiffs have not filed a highlighted copy of that redline, as called for by Your Honor's local rules, out of a concern that doing so would clutter the document. Plaintiffs are happy to make such a filing upon request. The other proposed confidential filings are highlighted.

# Labaton Sucharow

Judge Valerie E. Caproni
February 24, 2021
Page 2

proposed Second Amended Complaint to perform the balancing analysis called for by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The parties' position is, therefore, that any documents that were produced with confidentiality designations, either by Defendants or non-parties, should be filed under seal and remain sealed, and that any allegations that rely upon information derived from those documents should be redacted from Plaintiffs' public filing until Defendants have had an adequate opportunity to review those materials. To minimize the burdens on the Court and to streamline the process of filing the necessary sealing papers and proposed redactions, the parties respectfully request that the Court allow the parties to file a a single joint letter addressing sealing issues with respect to both Plaintiffs' motion to file a Second Amended Complaint and Defendants' opposition thereto on March 12, 2021, when Defendants' opposition brief is due.

Additionally, Plaintiffs are relying on several documents produced by non-party UBS Financial Services Inc. ("UBS"). Lead Plaintiff has conferred with representatives of non-party UBS and they request that the documents be filed under seal and remain confidential, citing concerns about their clients' privacy. Plaintiffs, therefore, request to file those documents under seal, and request permission to redact allegations in the proposed Second Amended Complaint derived from those documents.

Given Defendants' and UBS' position, Plaintiffs have made such redactions, without taking any position as to whether the material should ultimately retain confidential status.

Respectfully submitted,

By: */s/ Carol C. Villegas*
Carol C. Villegas
LABATON SUCHAROW LLP

*Lead Counsel for Co-Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd., and Lead Counsel for the Class*

By: */s/ John Del Monaco*
John Del Monaco, P.C.
KIRKLAND & ELLIS LLP

*Attorneys for Defendants MINDBODY, Inc., Richard L. Stollmeyer, and Brett White*

By: */s/ Sarah Lightdale*
Sarah Lightdale
COOLEY LLP

*Attorneys for Defendant Eric Liaw*

Plaintiffs' Motion to Seal is DENIED without prejudice.

A presumption of public access applies to judicial documents, like those at issue here. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The presumption is strongest when the material in question directly affects the adjudication of the matter at hand. *Id.* at 119. To overcome the presumption, parties must demonstrate that a higher value justifies any redactions. *Id.* at 124. A confidentiality designation pursuant to a Protective Order and a request by a non-party to file documents under seal, on their own and without additional explanation, are not such higher values. *Id.* at 125–26.

Plaintiffs must refile their motion to seal in line with Rule 5 of the undersigned's Individual Practices in Civil Cases by no later than **Friday, March 12, 2021**. The Court is unlikely to grant sweeping redactions and encourages Plaintiffs to propose much more narrow redactions. Plaintiffs are welcome to file a joint motion to seal with Defendants, although Plaintiffs must re-file the newly redacted and public versions of their motion to amend and supporting documents in line with this Order.

The Court hereby STAYS discovery and adjourns *sine die* Plaintiffs' deadline to file a motion for class certification, pending the resolution of Plaintiffs' motion to file an amended complaint.

The Clerk of Court is respectfully directed to close the open motion at docket entry 70.

SO ORDERED.

*[Signature]*            Date: February 25, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE