# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Matthew Solum
To Call Writer Directly:
+1 212 446 4688
matthew.solum@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 25, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
40 Foley Square, Room 443
New York, NY 10007

    Re:  In re Mindbody, Inc. Securities Litigation, No. 1:19-cv-08331-VEC

Dear Judge Caproni,

   I write on behalf of Defendants Richard L. Stollmeyer, Brett White, and Mindbody, Inc., and with the permission of Eric Liaw, to respectfully oppose the February 19, 2021, request of Lead Plaintiffs (Dkt. 68) to extend the deadlines for class certification. We are writing separately because Lead Plaintiffs declined to relay the bases for our opposition. This letter does not constitute an opposition to the Lead Plaintiffs' Letter Motion for Leave to File Second Amended Complaint (Dkt. 72), which Defendants will oppose in a separate letter motion.

   1.  Procedural History

   On February 18, 2020, Defendants moved to dismiss Lead Plaintiffs' Amended Class Action Complaint (Dkt. 22), arguing, among other things, that Lead Plaintiffs failed to plead that Defendants intentionally misled investors by issuing lower 4Q18 guidance. Dkt. 36 at 22. Lead Plaintiffs then filed their Opposition on April 3, which among other things requested that "any dismissal be without prejudice, to permit amendment to cure any deficiency." Dkt. 39 at 61. On September 25, the Court dismissed the 4Q18 guidance claim. The Court observed, "Plaintiffs allege that Mindbody, via Stollmeyer and White, misrepresented expected revenue for fourth quarter 2018 when it guided investor expectations downwards on November 6, 2018." Dkt. 52 at 16. However, the Court found that Lead Plaintiffs failed to plead facts supporting "a strong inference that Defendants actually expected revenue would be higher than what they announced," *id.* at 17, and further noted that Lead Plaintiffs' theory that Defendants intentionally drove down the stock for a potentially larger payout with post-merger equity was "speculative" and "made no economic sense," *id.* at 21.

Bay Area Beijing Boston Chicago Dallas Hong Kong Houston London Los Angeles Munich Paris Shanghai Washington, D.C.

# KIRKLAND & ELLIS LLP

Valerie E. Caproni
February 25, 2021
Page 2

On October 15, Defendants and Lead Plaintiffs filed a joint letter addressing, among other things, whether discovery should be bifurcated between merits and class certification issues. Dkt. 57 at 3. Consistent with Rule 23 of the Federal Rules, Defendants sought an early adjudication of class certification issues. Lead Plaintiffs' maintained that merits discovery was necessary to determine the appropriate scope of the class period—a class period necessarily bounded by only the surviving claims. Dkt. 62, Hr'g Tr. at 4:9–11. While Defendants were prepared to begin class certification briefing in mid-December, Dkt. 57-01 at 2, Lead Plaintiffs requested that they file their motion for class certifications 150 days after the Court decided whether to bifurcate, Dkt. 57-02 at 3. Defendants' request for bifurcation was denied, Dkt. 62, Hr'g Tr. at 22:2-3, and the resulting Scheduling Order gave Plaintiffs until March 1 to file their motion for class certification—nearly 130 days after the entry of the Court's Telephonic Conference Orders on October 23 (Dkt. 58).

Defendants have since undertaken great effort to provide Lead Plaintiffs with ample fact discovery. Given that document production was already well underway in the parallel Delaware actions, Defendants freely turned over all of that material. Defendants made substantial productions on December 8 and December 20. Defendants also saw to it that Lead Plaintiffs could participate in the fact depositions that had been scheduled in the parallel Delaware actions, which kicked off later in December.

Now, less than a week before they are to file their motion for class certification, Lead Plaintiffs seek to change the Scheduling Order they agreed to and delay class certification while they attempt to revive their dismissed claim. Lead Plaintiffs frame their request as one of judicial economy, but ignore the broader point that any motion to amend creates substantial work for the Court—work that will ultimately come to naught, for the reasons explained below. Further, even if leave to amend is granted, the parties can proceed with class certification briefing and then submit supplemental briefings, a process that would impose minimal burden on the court. Therefore, no delay in class certification briefing is warranted.

2. Lead Plaintiffs' Motion to Amend is Meritless

It is clear that Lead Plaintiffs' proposed motion to amend, insofar as it seeks to revive the previously rejected claim that certain Defendants intentionally depressed Mindbody's stock price when issuing 4Q18 guidance and related statements, has no merit. Accordingly, there is no justification to further delay the class certification process based on the prospect of a baseless amendment.

To start, Lead Plaintiffs ignore the fact that the dismissed claim that Lead Plaintiffs seek to revive has been dismissed with prejudice. Under the Federal Rules, a claim is dismissed with prejudice unless otherwise stated. *Cantore v. City of New York*, 2017 WL 11501442, at *5 n.8

# KIRKLAND & ELLIS LLP

Valerie E. Caproni
February 25, 2021
Page 3

(S.D.N.Y. Sept. 15, 2017). Here, Lead Plaintiffs did not seek leave to amend in response to Defendants' motion to dismiss, and instead argued in their opposition that any dismissal should be without prejudice. Dkt. 39 at 61. But in subsequently dismissing the guidance-related claim, the Court did not state that the dismissal was without prejudice. Dkt. 52 at 43. Accordingly, the guidance-related claim that Lead Plaintiffs seek to add has already been dismissed with prejudice. Further, by opting to not amend their complaint and requesting only that any dismissal be without prejudice, Lead Plaintiffs failed to move for leave to amend as required by the Court's Individual Practices in Civil Cases. Honorable Valerie E. Caproni, *Individual Practices in Civil Cases* § 4.E.ii (2020) ("If the Plaintiff (or cross- or counter-claimant) elects not to amend its pleading in response to a motion to dismiss . . . the nonmoving party must address in its response whether it seeks leave to amend in the event the motion is granted.") And even if Lead Plaintiffs' request for non-prejudicial dismissal could be read as a request for leave to amend— and it cannot—the Court's with-prejudice dismissal also served to deny any such request. *Cf. Schiro v. Cemex, S.A.B. de C.V.*, 396 F. Supp. 3d 283, 308–09 (S.D.N.Y. 2019) (Caproni, J.) (dismissing claims without prejudice and granting leave to amend after noting that plaintiffs had moved for leave to amend).

Moreover, Lead Plaintiffs lack good cause to amend the scheduling order under the proper standard—Rule 16(b)(4). The primary consideration of good cause is whether the moving party can demonstrate diligence. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Here, Lead Plaintiffs have not been diligent in attempting to revive their dismissed claim. As noted above, Defendants produced to Lead Plaintiffs all documents that had previously been produced in the Delaware actions, to allow for the coordination of deposition discovery between the cases. If Lead Plaintiffs had timely sought amendment even a month after the December productions, there would have been sufficient time to litigate Lead Plaintiffs' futile amendment request without delaying the scheduled for class certification. Instead, Plaintiffs waited, and now seek to disrupt the case schedule and delay Defendants' ability to challenge the propriety of class certification at an "early practicable time," as Rule 23 requires. "[T]he good cause standard of Rule 16 is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline." *Youngers v. Virtus Inv. Partners Inc.*, 2017 WL 5991800, at *3 (S.D.N.Y. Dec. 4, 2017) (internal quotation marks, alterations, and citation omitted).

Additionally, while Defendants have not yet fully reviewed the proposed revisions, we believe that any amendment which seeks to revive the claim related to the 4Q18 guidance and related statements would be futile. Leave to amend may be denied for futility—that is, the proposed amendment would fail to cure prior deficiencies in the complaint. *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Lead Plaintiffs seek to revive their claim that certain Defendants intentionally misled investors by issuing lower Q4 2018 guidance in an effort depress Mindbody's stock price. As noted above, the Court dismissed that

## KIRKLAND & ELLIS LLP

Valerie E. Caproni
February 25, 2021
Page 4

claim because Lead Plaintiffs failed to plead facts supporting "a strong inference that Defendants actually expected revenue would be higher than what they announced," Dkt. 52 at 17, and further noted that Lead Plaintiffs' theory that Defendants intentionally drove down the stock for a potentially larger payout with post-merger equity was "speculative" and "made no economic sense," *id.* at 21.  Several months into discovery, Lead Plaintiffs are surely aware that the record does not support a securities claim that Mindbody intentionally misled investors as to its Q4 2018 guidance.  In particular, the deposition testimony of several independent members of Mindbody's Board of Directors, who are not defendants in any litigation related to Mindbody, establishes that the company's Audit Committee, acting in good faith, counseled management to adjust Q4 guidance provided to Wall Street in light of a variety of legitimate factors, including well-documented performance issues in Q3.  Further, deposition testimony of Stollmeyer's financial advisor confirms that Stollmeyer faced no cash flow or liquidity concerns.

Finally, Defendants believe—and Lead Plaintiffs concede—that even as the Court considers the motion for leave to amend, preserving the existing schedule and allowing the parties to begin briefing on class certification would not impose any substantial burden on the Court.  The parties would be able to begin briefing the certification issues relevant to the surviving claims[1] while the Court considers Lead Plaintiffs' proposed amendments.  *See* Proposed Order (Exhibit A).  Should the Court grant leave to amend, the parties would be able to submit supplemental briefing specifically addressing class certification issues relevant to the amendments before the Court decides class certification.

We appreciate the Court's attention to this matter, and are available if there are any questions.

---

[1] Defendants respectfully submit that Plaintiffs' proposed amendments to conform previously sustained claims would have minimal impact on class certification issues and do not present a basis for extending any deadline related to class certification.

## KIRKLAND & ELLIS LLP

Valerie E. Caproni
February 25, 2021
Page 5

Respectfully submitted,

Dated: February 25, 2021

 /s/ *Matthew Solum*
Matthew Solum, P.C.
John Del Monaco
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for Defendants Richard L.*
*Stollmeyer, Brett White, and Mindbody, Inc.*

cc:        All counsel of record