**MEMO ENDORSED**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/09/2021

John P. Del Monaco
To Call Writer Directly:
+1 212 446 4795
john.delmonaco@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

March 12, 2021

**VIA CM/ECF**

The Honorable Valerie E. Caproni
U.S. District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re: *In re Mindbody, Inc. Securities Litigation*, No. 1:19-cv-08331-VEC

Dear Judge Caproni:

I write on behalf of Defendants MINDBODY, Inc., Richard L. Stollmeyer, and Brett White, and with the consent of counsel for Defendant Eric Liaw (collectively, "Defendants"). Pursuant to Section 5.B(ii) of Your Honor's Individual Practices in Civil Cases, Defendants respectfully request permission to file limited portions of Defendants' brief in opposition to the motion seeking leave to amend and certain exhibits thereto under seal. Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. ("Lead Plaintiffs") take no position to this request.

Consistent with the joint letter submitted by Lead Plaintiffs earlier today (ECF No. 83), and in line with the Court's previous order (ECF No. 75 at 3), Defendants propose narrowly tailored redactions to their memorandum of law in opposition to Lead Plaintiffs' motion seeking leave to amend as well as two of the exhibits thereto in order to address only specific concerns regarding specific information, as explained below.

Respectfully, the proposed redactions are appropriate under the two-part test outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (the Court must "determin[e] the weight of the presumption of access" based on the role the material plays in the court's exercise of its Article III power, and then "balance competing considerations" against that weight, including, but not limited to, "the privacy interests of those resisting disclosure"). The limited portions of the Exhibits that the parties propose for redaction are not germane to the brief and are included in the filing only because the information is part of a document that contains other relevant information that is not being redacted.

# KIRKLAND & ELLIS LLP

The Honorable Valerie E. Caproni
March 12, 2021
Page 2

There are three main categories of information that Defendants propose for redaction.

<u>First</u>, Defendants request the redaction of personal identifying information in the Exhibits to protect the privacy interests of the individual named in the respective document. Personal identifying information is generally of little use for monitoring the federal courts and may be redacted to protect the privacy of the individual. *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020). The emails and phone numbers of the individuals named in the exhibits are not germane to this action, serve no public interest, and only expose the named individuals to potential harassment. This Court has accepted similar redactions in this action before. (Dkt. No. 34).

<u>Second</u>, Defendants request the redaction of confidential business information, specifically confidential information related to Mindbody's partners and customers and the confidential information of a third-party. A court may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). Redaction of this information in Exhibit 22 is appropriate because the information sheds light on Mindbody's proprietary business relationships, which can be used by Mindbody's competitors to potentially undercut Mindbody's relationship with those entities. *See, e.g., Valassis Commc'ns*, 2020 WL 2190708, at *4 (granting proposed redactions which were tailored to protect "specific financial metrics, contract terms, and the like"); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (permitting redaction where information could be used to hire away partners from plaintiff's firm); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (determining that "material concerning the defendants' marketing strategies, product development, costs and budgeting" contain "highly proprietary material" that should be sealed).

Moreover, Mindbody is a private company and its business practices have "no public ramifications." *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (quotes omitted). The identifying information in Exhibit 22 of a third-party with whom Mindbody has confidentiality agreements is likewise sensitive business information as it reflects the third-party's assessment of unrelated acquisitions and solicitation practices. *See DiRussa v. Dean Witter Reynold, Inc.*, 121 F.3d 818, 828 (2d Cir. 1997) (finding a confidentiality agreement between the parties to be a proper basis for sealing). Additionally, the redactions do not obscure the key elements of Lead Plaintiffs' claims, and this Court has accepted similar redactions in this action before. (Dkt. No. 34).

<u>Third</u>, the parties request the redaction of personal financial information. Stollmeyer's personal financial dealings contained in Exhibit 11 are confidential and relevant only insofar as they demonstrate his liquidity. While the general nature of his financial obligations in the relevant

# KIRKLAND & ELLIS LLP

The Honorable Valerie E. Caproni
March 12, 2021
Page 3

time period is publicly known, these redactions protect sensitive details that are not public and not germane to the claims. *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (redacting portions of personnel file pertaining to private employment, health, financial, and personal data); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (granting a motion to seal where "the information had little to do with the claims and defenses"). Narrowly tailored redactions of similar personal financial information are also requested with respect to Defendants' opposition brief on pages 8, 21, and 22.

For the foregoing reasons, Defendants respectfully request that the Court grant the limited sealing request herein. The foregoing categories of information have been already consistently redacted and kept under seal in the Delaware case that arises out of the acquisition of Mindbody. *See, e.g., In re Mindbody, Inc., S'Holders Litig.*, C.A. No. 2019-0442-KSJM (Del. Ch. Feb. 27, 2020), Trans. ID 64769300, at 19 (showing redactions to Plaintiffs' First Amendment Consolidated Complaint); *see also id.* (Del. Ch. Mar. 19, 2020), Trans. ID 64842617, at 39 (showing redactions to Defendants' Combined Opening Brief in Support of their Motions to Dismiss).

We appreciate the Court's consideration of these matters and are available should there be any questions.

Respectfully submitted,

*/s/ John P. Del Monaco*
John P. Del Monaco

cc:     All Counsel of Record (via CM/ECF)

Plaintiffs and Defendants' applications to redact portions of their filings in connection with Plaintiffs' motion to amend the complaint are hereby GRANTED.

The Court finds that the redacted filings are "judicial documents" within the meaning of that term as used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiffs have asked the Court for leave to amend its complaint. The proposed redactions are on the exhibits accompanying Plaintiffs' motion to amend and Defendants' response in opposition. Accordingly, because the exhibits are "relevant to the performance of the judicial function and useful in the judicial process," they are rightly "designated judicial document[s]." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Because the exhibits are judicial documents, a presumption of public access applies. *See Lugosch*, 435 F.3d at 119. The Court finds that the weight of the presumption is high, given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*

The parties identify three types of information that they claim are worthy of redaction: personal identifying information, confidential business information related to Mindbody's partners and customers and related to a third party, and personal financial and medical information that are not germane to the claims at issue. *See* Plaintiffs' Request to Seal, Dkt. 80 at 2-3; Defendants' Request to Seal, Dkt. 84 at 2-3. The Court finds that protecting the privacy of individuals' personal identifying, financial, and medical information and protecting Mindbody's competitive advantage and specific business information are values that overcome the presumption of public access under the relevant case law. *See, e.g., Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (personal identifying information); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (business information); S*terbens v. Sound Shore Med. Ctr. of Westchester*, No. 01-CV-5980, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (private financial and medical information). The Court further finds that the proposed redactions are narrowly tailored to protect those values.

Accordingly, the parties' requests to redact such information are granted.

The Clerk of Court is respectfully directed to close the open motions at docket entries 80 and 84.

SO ORDERED.

*[signature: Valerie Caproni]*

Date: August 9, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE