USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

WALLEYE TRADING LLC, *individually and on* :
*behalf of all others similarly situated*, :
:
Plaintiff, :
:                           19-CV-8331 (VEC)
-against- :
:                               ORDER
:
MINDBODY, INC., RICHARD L. :
STOLLMEYER, AND BRETT WHITE, :
:
Defendants. :
----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 25, 2020, the Court granted in part and denied in part

Defendants' motion to dismiss the first amended complaint, *see In re Mindbody, Inc. Sec. Litig.*,

489 F. Supp. 3d 188 (S.D.N.Y. 2020);

WHEREAS the Court found that Plaintiffs had stated a claim with respect to Defendants'

alleged failure to disclose that Mindbody had exceeded fourth quarter 2018 ("4Q18") revenue

expectations "to the extent that such statements were made on or after January 5, 2019," *id.* at

209;

WHEREAS the Court further found that Plaintiffs had failed to state a claim that

Defendants' fraudulently misrepresented expected revenue for 4Q18 when they guided investor

expectations downwards on November 6, 2018, *id.* at 203–06;

WHEREAS on February 24, 2021, Plaintiffs filed a motion for leave to file a second

amended complaint, Dkt. 71;

WHEREAS Plaintiffs seek to add allegations that Defendants learned that Mindbody had

exceeded 4Q18 revenue expectations on January 4, 2019, *id.* at 4;

WHEREAS Plaintiffs further seek to add allegations that they contend meet the pleading standard to revive their dismissed claim that Defendants' fraudulently misrepresented expected revenue for 4Q18 when they guided investor expectations downwards, *id.* at 2–4;

WHEREAS on March 12, 2021, Defendants responded in opposition to the motion, Dkt. 85, and on March 19, 2021, Plaintiffs replied in support of the motion, Dkt. 89;

WHEREAS "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962));

WHEREAS Defendants argue that Plaintiffs are procedurally barred from adding allegations with respect to the dismissed claim and that their proposed amendments are futile, Dkt. 85 at 12–25; and

WHEREAS "it is within the sound discretion of the district court to grant or deny leave to amend," *Franconero v. UMG Recordings, Inc.*, 542 F. App'x 14, 17 (2d Cir. 2013) (internal citation omitted);

IT IS HEREBY ORDERED that Plaintiffs' motion to amend the complaint is GRANTED.  None of Defendants' procedural arguments is compelling.  Defendants argue that the Court's dismissal of Plaintiffs' claim regarding the allegedly fraudulent 4Q18 guidance was with prejudice, which precludes Plaintiffs from seeking leave to amend to add allegations to revive that claim.  Resp., Dkt. 85 at 12–13.  Defendants are correct that the Court was silent as to whether the dismissed claims were dismissed with or without prejudice, *see In re Mindbody, Inc. Sec. Litig.*, 489 F. Supp. 3d at 218, and that the law treats such dismissals as being with prejudice, *see In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 396 (S.D.N.Y.

2017), *modified on reconsideration*, No. 14-MC-2543, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (collecting cases).  But an order dismissing fewer than all of a plaintiff's claims — even if they were dismissed with prejudice — is not considered final unless the court "direct[s] entry of a final judgment" as to those claims.  Fed. R. Civ. P. 54(b).  In this case, the Court did not direct entry of final judgment as to the dismissed claims, so the dismissal does not have a preclusive effect.  *See Contichem LPG v. Parsons Shipping Ltd.*, 170 F. Supp. 2d 416, 419 (S.D.N.Y. 2001) ("[R]es judicata takes effect only when a final judgment has been entered on the merits of a case.") (cleaned up).  Accordingly, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."  Fed. R. Civ. P. 54(b).  When an order is subject to modification pursuant to Rule 54(b), "plaintiffs may freely seek leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)."  *In re Bayou Hedge Fund Litig.*, No. 06-CV-3026, 2007 WL 2363622, at *7 (S.D.N.Y. Aug. 16, 2007); *see also In re Blech Sec. Litig.*, No. 94-CV-7696, 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) ("Additional evidence acquired in the course of discovery in the action against the remaining defendants could lead this court to modify its dismissal to permit repleading against the [dismissed] Defendants; such modification of an order is expressly permitted by Rule 54(b).").  In short, the fact that the Court dismissed some of Plaintiffs' claims does not preclude Plaintiffs from seeking leave to amend their complaint to cure the deficiencies that led to the dismissal of those claims.

On the merits of Plaintiffs' motion to amend, Defendants only argument in opposition is that Plaintiffs' proposed amendments are futile.  *See* Resp. at 13.  The Court agrees with Plaintiffs that Defendants have conceded any other bases for their opposition, *see* Reply, Dkt. 89 at 3 n.3, including undue delay, an argument Defendants had previewed in their pre-motion

letter, Letter, Dkt. 76 at 3, but failed to raise in their opposition brief.  Accordingly, the Court only considers whether Plaintiffs' proposed amendments are futile.

With respect to Plaintiffs' request to add allegations that Defendants learned on January 4, 2019, that Mindbody had exceeded 4Q18 revenue expectations, Defendants contend that the proposed amendment is "meaningless" because the first alleged misstatement "remains the Preliminary Proxy that was filed on January 9, 2019."  Resp. at 3 n.3.  Although it does seem unlikely that the proposed amendment will have any substantive importance (as Defendants note, the next allegedly actionable statement was made on January 9, 2019), the Proposed Second Amended Complaint ("PSAC") provides adequate factual support for the allegation that Defendants became aware of Mindbody's 4Q18 revenue by January 4, 2019.  *See* PSAC, Dkt. 81-2 ¶ 214 (citing an email sent to senior Mindbody executives).  Thus, the PSAC adequately alleges that Mindbody's failure to disclose the positive 4Q18 performance is actionable under Rule 10b-5, to the extent that the allegedly misleading statements were made on or after January 4, 2019.   Because the proposed change appears to conform the Complaint to the evidence and because there appears to be no prejudice to Defendants, Plaintiffs' motion to amend the complaint to change the date on which Defendants learned Mindbody's 4Q18 revenue is granted.

With respect to Plaintiffs' attempts to revive their claim that Defendants' 4Q18 revenue guidance was fraudulent, the Court finds that the proposed amendments are not futile.  The PSAC adds allegations that Mindbody's internal forecasts projected that the company's revenue would be greater than the amount announced when the Company provided 4Q18 guidance. Plaintiffs allege that those facts show that at the time Defendants released the 4Q18 guidance, they falsely stated that the guidance reflected the Company's prediction of expected revenue. *See* PSAC ¶¶ 134, 136–41, 143, 146, 153–60.  Plaintiffs further contend that their new allegations adequately allege that Defendant Stollmeyer's alleged liquidity issues and his disdain

4

for serving as a CEO of a public company were motives to announce guidance below what the Company actually expected.  Letter Motion, Dkt. 81 at 3–4 (citing PSAC ¶ 216, 284–86). Defendants argue that the 4Q18 guidance was not misleading, that Plaintiffs have not adequately alleged scienter, that any statements about the 4Q18 guidance are not actionable because they were forward-looking statements with meaningful cautionary disclaimers, and that Plaintiffs additional alleged facts do not show that Stollmeyer faced liquidity issues or that artificially depressing the 4Q18 guidance would facilitate the sale and solve any  liquidity problems that did exist.  *See* Resp. at 14–24.  Upon review, the Court finds that Defendants' arguments are more appropriate for summary judgment, and that Plaintiffs' proposed amendments (although just barely with respect to arguments regarding Stollmeyer's motives) are not futile.  Accordingly, Plaintiffs' motion to amend the PSAC to incorporate new allegations that the 4Q18 guidance was fraudulent is granted.

IT IS FURTHER ORDERED that Plaintiffs must file the Second Amended Complaint ("SAC") by no later than **Wednesday, August 18, 2021**.  Defendants' answer to the SAC is due no later than **Friday, August 27, 2021.**

IT IS FURTHER ORDERED that the parties must appear for a status conference on **Thursday, September 9, 2021 at 11:00 A.M.**  The conference will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.

IT IS FURTHER ORDERED that by no later than **Wednesday, September 1, 2021**, the parties must file a joint status update.  The joint letter must include the following information in separate paragraphs: (1) a brief description of the status of fact and expert discovery and any additional fact or expert discovery that needs to be completed; (2) a proposed schedule to replace that which the Court so ordered on November 9, 2020 (*see* Dkt. 65 at 2); (3) a statement whether

any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony; (4) a statement describing the status of any settlement discussions and whether the parties would like a settlement conference; (5) a statement of the anticipated length of trial and whether the case is to be tried to a jury; (6) any other issue that the parties would like to address at the pretrial conference; and (7) any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

IT IS FURTHER ORDERED that per the SDNY COVID-19 COURTHOUSE ENTRY PROGRAM, any person who appears at any SDNY courthouse must complete a questionnaire and have his or her temperature taken.  Please see the enclosed instructions.  Completing the questionnaire ahead of time will save time and effort upon entry.  Only those individuals who meet the entry requirements established by the questionnaire will be permitted entry.  Please contact chambers promptly if you or your client do not meet the requirements.

IT IS FURTHER ORDERED that any person who appears at any SDNY courthouse must comply with Standing Order M10-468 (21-MC-164), which further pertains to courthouse entry.

IT IS FURTHER ORDERED that interested members of the public may attend by dialing 1-888-363-4749, using the access code 3121171 and the security code 8331.  All of those accessing the hearing are reminded that recording or rebroadcasting of the proceeding is prohibited by law.

The Clerk of Court is respectfully directed to close the open motions at docket entries 71, 72, 81, and 82.

**SO ORDERED.**

**Date:  August 12, 2021**                                         **VALERIE CAPRONI**
**        New York, New York**                          **United States District Judge**

6

**Instructions for Courthouse Entry**

All members of the public, including attorneys, appearing at a Southern District of New York courthouse must complete a questionnaire and have their temperature taken before being allowed entry into that courthouse.

On the day you are due to arrive at the courthouse, click on the following weblink to begin the enrollment process. Follow the instructions and fill out the questionnaire. If your answers meet the requirements for entry, you will be sent a QR code to be used at the SDNY entry device at the courthouse entrance.

Weblink: https://app.certify.me/SDNYPublic

Note: If you do not have a mobile phone or mobile phone number, you must complete the questionnaire and temperature screening at an entry device at the courthouse.