# Exhibit 1

# Redlined Version of Revised Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.    On March 3, 2022 Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. ("Co-Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and MINDBODY, Inc. ("Mindbody" or the "Company"), Richard L. Stollmeyer, Brett White, and Eric Liaw (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC"), filed on August 18, 2021, on the merits and with prejudice (the "Settlement");

B.    The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2022 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which sold shares of the publicly traded Class A common stock of Mindbody during the period from November 6, 2018 through February 15, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of Mindbody during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Mindbody; and (vi) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are those persons who or which have timely and validly sought exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been

satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Co-Lead Plaintiffs are typical of the Settlement Class's claims;

(d)    Co-Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. are preliminarily certified as Class Representatives for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, ~~either in person or remotely at the Court's discretion,~~ on ~~_____,~~ October 27, 2022, at ~~__:____~~ 2:30 p.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Co-Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Co-Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, ~~decide to hold the hearing remotely,~~ or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      The Court approves the retention of  Strategic Claims Services as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to

all Settlement Class Members who can be identified with reasonable effort.  Mindbody, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, within five (5) business days of entry of this Preliminary Approval Order, records from Mindbody's transfer agent(s) in electronic searchable form, such as Excel, containing the names and addresses of holders and sellers of record of Mindbody Class A common stock during the Class Period, to the extent reasonably available.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms and other persons and entities that sold Mindbody publicly traded Class A common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners who sold Mindbody publicly traded Class A common stock during the Class Period to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners who sold Mindbody publicly traded Class A common stock during the Class Period and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the

6

Action. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.15 per Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Notices mailed by nominees; or $0.05 per mailing record and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than ~~five (5) calendar days before the Settlement Hearing~~September 27, 2022. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the

8

Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than ~~twenty-one (21) calendar days prior to the Settlement Hearing~~September 27, 2022. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all sales of Mindbody publicly traded Class A common stock during the Class Period. The request for exclusion shall

9

not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state (a) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC (S.D.N.Y.)"; (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of Mindbody publicly traded Class A common stock sold during the Class Period, as well as the dates and prices of each such sale. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before ~~twenty-one (21) calendar days before the Settlement Hearing~~September 27, 2022, upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and

Defendants' Counsel representative: Matthew Solum, P.C., Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Co-Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to

act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

20. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

21. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before ~~thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing~~September 13, 2022. If reply papers are necessary, they are to be filed with the Court and served no later than ~~seven (7) calendar days prior to the Settlement Hearing~~October 20, 2022.

22. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Co-Lead Plaintiffs.

25. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence

or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 22, 2021.

26.    Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Co-Lead Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of

13

their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the SAC would not have exceeded the Settlement Amount.

27. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2022

BY THE COURT:

_____
Honorable Valerie Caproni
UNITED STATES DISTRICT JUDGE

# Redlined Version of Revised Long Form Notice

REVISED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Southern District of New York ("Court") if, during the period from November 6, 2018 through February 15, 2019, inclusive ("Class Period"), you sold the publicly traded Class A common stock of MINDBODY, Inc. ("Mindbody" or the "Company") (Ticker: MB) and were allegedly damaged thereby.

**NOTICE OF SETTLEMENT:** Court-appointed Co-Lead Plaintiffs, Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ ___ below), and Defendants have reached a proposed settlement of the Action for $9,750,000 in cash that, if approved, will resolve all claims in the Action and related claims ("Settlement").  The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement, dated March 3, 2022 ("Stipulation").[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, and what steps you must take if you wish to receive a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act. RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY SEPTEMBER 27, 2022** | The <u>only</u> way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SEPTEMBER 27, 2022** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants |

---

[1]    The Stipulation can be viewed at www.strategicclaims.net.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| | and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
|---|---|
| **OBJECT BY SEPTEMBER 27, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON OCTOBER 27, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY SEPTEMBER 27, 2022** | Ask to speak to the Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

~~PSLRA~~ SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.  Subject to Court approval, Co-Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $9,750,000 in cash (the "Settlement Amount"), which will be deposited into an Escrow Account (the "Settlement Fund"). Based on Co-Lead Plaintiffs' estimate of the number of shares of Mindbody publicly traded Class A common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.26 per allegedly damaged

share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.16 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many shares of Mindbody publicly traded Class A common stock the Settlement Class Member sold during the Class Period and when; and (iv) the total Recognized Claims of all valid Claim Forms.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Co-Lead Plaintiffs were to prevail on their claims. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; and (iii) the fair value of Mindbody's Class A common stock at the time Co-Lead Plaintiffs and class members sold the stock and the correct measure of damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Co-Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

---

[2]     An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $2,925,000, plus accrued interest.   Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $800,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Co-Lead Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.10 per allegedly damaged share of Mindbody publicly traded Class A common stock.  A copy of the Fee and Expense Application will be posted on www.strategicclaims.net after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Co-Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"); the risk that the Court may not certify a class or that the class would be de-certified as the case progressed; that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

- 4 -

7.    Co-Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Mindbody Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA  19063, (866) 274-4004, www.strategicclaims.net.

~~Please~~ **Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.  Why did I get this Notice?**

9.    The Court authorized that this Notice be sent to you because you or someone in your family may have sold Mindbody publicly traded Class A common stock during the period from November 6, 2018 through February 15, 2019, inclusive.  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC.  The Action is assigned to the Honorable Valerie E. Caproni, United States District Judge.

## 2. How do I know if I am part of the Settlement Class?

12.    The Court directed, for purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons and entities who or which sold shares of the publicly traded Class A common stock of Mindbody (Ticker: MB) during the period from November 6, 2018 through February 15, 2019, inclusive, and were allegedly damaged thereby.**

13.    If one of your mutual funds sold Mindbody publicly traded Class A common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually sold Mindbody publicly traded Class A common stock during the Class Period. Shares tendered on February 15, 2019 do not count as sales and are not eligible for a recovery. Check your investment records or contact your broker to see if you have any eligible sales. ***The Parties do not independently have access to your trading information.***

## 3. Are there exceptions to being included?

14.    Yes. There are some individuals and entities that are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of Mindbody during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Mindbody; and (vi) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class is

- 6 -

anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

| 4.  Why is this a class action? |

15.    In a class action, one or more persons or entities (in this case, Co-Lead Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. to serve as Co-Lead Plaintiffs and has appointed Labaton Sucharow LLP to serve as Lead Counsel.

| 5.  What is this case about and what has happened so far? |

16.    Mindbody provides software that assists health, wellness, and beauty businesses (*e.g.*, gyms, yoga studios, salons, and spas) in their operations.  It provides a mobile phone application that consumers use to reserve services or classes, as well as tools for payment processing, marketing, and business analytics.  In 2018, Mindbody made two acquisitions that expanded the number of businesses served by Mindbody and expanded the services that Mindbody could provide.  The SAC alleges that defendants Mindbody, Richard L. Stollmeyer, Brett White, and Eric Liaw made materially false and misleading statements and/or omissions in connection with Mindbody's acquisition by Vista (the "Merger") and in connection with Mindbody's Fourth Quarter 2018 revenue guidance.  Co-Lead Plaintiffs further allege that the price of Mindbody publicly traded Class A common stock was artificially deflated during the Class Period as a result of Defendants' allegedly material misrepresentations and omissions, causing Co-Lead Plaintiffs

and members of the Settlement Class to sell their Mindbody's stock at prices less than they would have absent the artificial deflation.

17.    In September 2019, Co-Lead Plaintiffs filed an initial securities class action complaint in the United States District Court for the Southern District of New York alleging violations of the federal securities laws.  The complaint alleged violations by all Defendants under Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  On November 7, 2019, the Court appointed Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. as Co-Lead Plaintiffs and Labaton Sucharow as Lead Counsel.

18.    Beginning on November 14, 2019, Co-Lead Plaintiffs filed petitions, pursuant to Delaware Court of Chancery Rule 5.1(f) and the First Amendment to the Constitution of the United States, challenging the confidential treatment of certain documents in the action *In re Mindbody Stockholder Litigation*, C.A. No. 2019-0442-KSJM (Del. Ch.) (the "Luxor Action"), a class action and appraisal proceeding challenging the Merger.  Those petitions and subsequent negotiations with the parties to the Luxor Action resulted in a partial unsealing of documents relevant to the claims in the Action.

19.    On December 20, 2019, Co-Lead Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  The Amended Complaint asserted the same claims as stated in the initial complaint, but added additional purported factual allegations.

20.    On February 18, 2020, Defendants filed a motion to dismiss the Amended Complaint, and on April 3, 2020 Co-Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss.  On May 4, 2020, Defendants filed their reply memorandum of law and, on May 22, 2020, with leave of the Court, Co-Lead Plaintiffs filed a sur-reply in opposition to the

motion to dismiss. Defendants, with leave of the Court, filed a sur-reply in further support of their motion to dismiss on June 6, 2020. On September 25, 2020, the Court partially granted and partially denied Defendants's motion to dismiss. On October 30, 2020, Defendants filed their Answer to the Amended Complaint.

21.     Following the Court's order on the motion to dismiss, the Parties engaged in an extensive discovery process. Throughout the course of discovery, Co-Lead Plaintiffs received over 400,000 pages of document discovery and participated in over 13 depositions. Co-Lead Plaintiffs also produced documents in response to Defendants' document requests.

22.     On February 24, 2021, Co-Lead Plaintiffs sought leave to file a second amended complaint, which sought to replead certain previously dismissed claims. Following briefing on Co-Lead Plaintiffs' motion for leave to amend, the Court granted the motion and Co-Lead Plaintiffs filed the SAC on August 18, 2021. Defendants filed their Answer to the SAC on August 27, 2021.

23.     On October 15, 2021, Co-Lead Plaintiffs filed their motion for class certification and appointment of class counsel, which was accompanied by a report from Co-Lead Plaintiffs' expert on market efficiency and the calculation of damages and a report from their expert on corporate valuation.

24.     Overall, before agreeing to a settlement, Co-Lead Plaintiffs, through Lead Counsel, and Defendants conducted extensive fact discovery relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. The Parties' formal discovery included, among other things, Lead Counsel's receipt of more than 400,000 pages of documents produced by Defendants and taking or defending 13 depositions.

25.     Co-Lead Plaintiffs and Defendants engaged Michelle Yoshida of Phillips ADR (the "Mediator"), a well-respected and experienced mediator, to assist them in exploring a potential

negotiated resolution of the Action.  The Parties first met with the Mediator in a full-day mediation session on May 12, 2021.  In advance of the session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed issues of liability, class certification, and damages.  No agreement was reached during the mediation.

26.    Settlement discussions continued and on November 30, 2021, the Mediator made a formal mediator's proposal, which was accepted by the Parties on December 2, 2021.  The Parties executed a Term Sheet on December 22, 2021 and, following additional negotiations regarding the specific terms of the agreement, the Parties executed the Stipulation on March 3, 2022.  The Stipulation, which sets forth the final terms and conditions of the Settlement, can be found at www.strategicclaims.net.

27.    On _____, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

**6.  What are the reasons for the Settlement?**

28.    The Court did not finally decide in favor of Co-Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement.  Co-Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Co-Lead Plaintiffs and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Co-Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.    Defendants have denied and continue to deny each and every one of the claims alleged in the Action, including all claims in the complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of Mindbody's publicly traded Class A common stock were artificially deflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

30.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Mindbody has agreed to cause a $9.75 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8.  How can I receive a payment?

31.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the  Claims Administrator's website: www.strategicclaims.net, or from Lead Counsel's website:

www.labaton.com, or submit a claim online at www.strategicclaims.net.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

32.     Please read the instructions contained in the Claim Form carefully, fill it out, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than September 27, 2022.**

---

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

---

33.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiff's Claims"** means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims, and causes of action of any nature and description whatsoever, whether known or Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, direct or indirect, regardless of legal or equitable theory and whether arising under federal, state, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Co-Lead Plaintiffs and any other member of the Settlement Class: (a) asserted in the Action, or (b) could have asserted in the Action or in any forum that arise out of, are based upon, or relate to, both (i) the allegations, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, or referred to, in any of the complaints filed in the Action and (ii) the sale of Mindbody publicly traded Class A common stock during the Class Period.  For the avoidance of doubt, Released Plaintiff's Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims pending

before the Delaware Court of Chancery in the consolidated action captioned *In re Mindbody, Inc. Stockholder Litigation*, Cons. C.A. No. 2019-0442-KSJM (the "Delaware Merger Litigation") as those claims are set forth in the Second Amended Complaint in that action, dated July 27, 2021, any claims asserted in any subsequently amended complaint filed in the Delaware Merger Litigation, or any claims of plaintiffs in the Delaware Merger Litigation to conform to the evidence and record at trial in the Delaware Merger Litigation.

(b)    **"Released Defendant Parties"** means Defendants and the officers and directors of Mindbody, and each of their respective predecessors, successors, parent corporations, sister corporations, past, present or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, receivers and trustees, beneficiaries, members, shareholders, employees, independent contractors, agents, partners, insurers, reinsurers, representatives, attorneys, auditors, and accountants, in their capacities as such; the spouses, Immediate Families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their Immediate Family members; and any firm, trust, corporation, or entity in which any Defendant has a controlling interest.

(c)    "**Unknown Claims**" means any and all Released Plaintiff's Claims that Co-Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims,

the Parties stipulate and agree that, upon the Effective Date, Co-Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Co-Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiff's Claims or the Released Defendants' Claims, but Co-Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Co-Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

34.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

35.     Upon the "Effective Date," Defendants will also provide a release of any claims against Co-Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

37.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Mindbody publicly traded Class A common stock the person or entity sold during the Class Period, as well as the dates and prices of each such sale; and (iii) be signed by the Person requesting

exclusion or an authorized representative. A request for exclusion must be mailed so that it is **received no later than September 27, 2022** at:

*Mindbody Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063

38.    This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

39.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?** |
|---|---|

40.    No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **September 27, 2022.**

THE LAWYERS REPRESENTING YOU

| **12. Do I have a lawyer in this case?** |
|---|

41.    Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will

determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**13. How will the lawyers be paid?**

42. Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work. Lead Counsel will seek an attorneys' fee award of no more than 30% of the Settlement Fund, or $2,925,000, plus accrued interest. Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $800,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of the Co-Lead Plaintiffs directly related to their representation of the Settlement Class. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR
THE FEE AND EXPENSE APPLICATION**

---

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

43. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

44. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC (S.D.N.Y.)." The objection must

also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of publicly traded Class A common stock of Mindbody sold during the Class Period, as well as the dates and prices of each such sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than September 27**, 2022 **and** be mailed or delivered to the following counsel so that it is **received no later than September 27**, 2022:

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Kirkland & Ellis LLP** |
| United States District Court | Carol C. Villegas Esq. | Matthew Solum, P.C., Esq. |
| Southern District of New York | 140 Broadway | 601 Lexington Avenue |
| ~~Daniel Patrick Moynihan~~Thurgood Marshall | New York, NY 10005 | New York, NY 10022 |
| U.S. Courthouse | | |
| ~~500 Pearl Street~~40 Foley Square | | |
| New York, NY 10007 | | |

45.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may participate at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may participate

- 18 -

on their own or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

> **15.  What is the difference between objecting and seeking exclusion?**

46.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

<strong>THE SETTLEMENT HEARING</strong>

> **16.  When and where will the Court decide whether to approve the Settlement?**

47.    The Court will hold the Settlement Hearing on , **October 27, 2022 at 2:30 p.**m. , either remotely or in person, in Courtroom 443 at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  Information about whether the hearing will be held in person or remotely, and how to participate if it is held remotely, will be posted on the Claims Administrator's website at www.strategicclaims.net.

48.    At this hearing, the Honorable Valerie E. Caproni will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

49. The Court may change the date and time of the Settlement Hearing, ~~or hold the hearing remotely,~~ without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Claims Administrator's website at www.strategicclaims.net to see if the Settlement Hearing stays as scheduled or is changed.

**17.  Do I have to come to the Settlement Hearing?**

50. No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to participate at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to participate in the Settlement Hearing to discuss it.  You may have your own lawyer participate (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than September 27, 2022**.

**18.  May I speak at the Settlement Hearing?**

51. You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than September 27, 2022,** submit a statement that you, or your attorney, intend to appear in "*In re Mindbody Inc. Securities Litigation,* Civil Action No. 1:19-cv-08331-VEC (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

- 20 -

**IF YOU DO NOTHING**

| **19.  What happens if I do nothing at all?** |
|---|

52.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

| **20.  Are there more details about the Settlement?** |
|---|

53.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

54.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as information about the Settlement, by visiting the Claims Administrator's website, www.strategicclaims.net, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (866) 274-4004 or write to the Claims Administrator at *Mindbody Securities Litigation,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson

Street, Suite 205, Media, PA  19063.  ~~Please~~ **Do** not call the Court with questions about the

Settlement.

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.  How will my claim be calculated?**

55.    The Plan of Allocation set forth below is the plan for calculating claims and

distributing the proceeds of the Settlement that is being proposed by Co-Lead Plaintiffs and Lead

Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it

without additional individual notice to the Settlement Class.  Any order modifying the Plan of

Allocation will be posted on the Claims Administrator's website www.strategicclaims.net and at

www.labaton.com.

56.    As noted above, the Settlement Amount and the interest it earns is the Settlement

Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation

Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved

by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members

of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim"

according to the proposed Plan of Allocation (or any other plan of allocation approved by the

Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share

in the Net Settlement Fund, but will still be bound by the Settlement.

57.    The objective of the Plan of Allocation is to distribute the Net Settlement Fund

among those Settlement Class Members who allegedly suffered economic losses as a result of the

alleged wrongdoing.  To design the Plan, Lead Counsel conferred with Co-Lead Plaintiffs'

damages expert.  This Plan is intended to be generally consistent with an assessment of, among

other things, the damages that Co-Lead Plaintiffs and Lead Counsel believe were recoverable in

the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations

- 22 -

made pursuant to the Plan are not intended to be estimates of, nor indicative of, the ~~amounts~~ losses or corresponding damages that Settlement Class Members suffered or might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; and (ii) when the claimant purchased and sold Mindbody publicly traded Class A common stock. Shares tendered on February 15, 2019 do not count as sales and are not eligible for a recovery. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

58.    Mindbody publicly traded Class A common stock (Ticker: MB) is the only security eligible for recovery under the Plan of Allocation.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

59.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Mindbody's publicly traded Class A common stock will first be matched on a First In/First Out ("FIFO") basis. Class Period sales will be matched first against any holdings as of the close of trading on November 6, 2018, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

60.    A "Recognized Loss Amount"[3] will be calculated as set forth below for each share of Mindbody Class A common stock sold during the period from November 6, 2018 through

---

[3] Recognized Loss Amounts are not an assessment of, or determination of, any claimant's alleged or actual losses or corresponding damages from the alleged wrongdoing that is the subject of the Action.

February 15, 2019, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided:

A. For shares of Mindbody Class A common stock held as of the close of trading on November 6, 2018, for each such share sold from November 6, 2018 after 4:15 p.m. (EST) through November December 23, 2018, inclusive, the Recognized Loss Amount per share will be calculated as $49.50 (which is Co-Lead Plaintiffs' estimate of the nominal fair value of such share[4]) minus the price at which the share was sold (excluding all fees, taxes, and commissions).

B. For shares of Mindbody Class A common stock held as of the opening of trading on November December 24, 2018, for each such share sold from November December 24, 2018 through January 3, 2019, inclusive, the Recognized Loss Amount per share will be calculated as $49.50 (which is Co-Lead Plaintiffs' estimate of the nominal fair value of such share[5]) minus the price at which the share was sold (excluding all fees, taxes, and commissions).

C. For shares of Mindbody Class A common stock held as of the opening of trading on January 4, 2019, for each such share sold from January 4, 2019 through February 15, 2019, inclusive, not to exceed the number of the Recognized Loss Amount per share will be calculated as $49.50 (which is Co-Lead Plaintiffs' estimate of the nominal fair value of such share[6]) minus the price at which the share was sold (excluding all fees, taxes, and commissions).

D. Shares of Mindbody Class A common stock purchased and sold from November 6, 2018 after 4:15 p.m. (EST) through November December 23, 2018, from November December 24, 2018 through January 3, 2019, and/or from January 4, 2019 through February 15, 2019 have a Recognized Loss Amount of $0 per share because they were purchased and sold within the same allegedly deflationary period.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

61.     For purposes of counting shares sold on November 6, 2018, only shares sold after 4:15 p.m. (EST) will be counted.  Any share sold on November 6, 2018 at a price of $33.50 or less will be counted assumed to be as a share sold on that date after 4:15 p.m. (EST), given the prices

---

[4] Defendants do not agree that the value of Mindbody Class A common stock was different from the price at which that stock traded on the public market.

[5] Defendants do not agree that the value of Mindbody Class A common stock was different from the price at which that stock traded on the public market.

[6] Defendants do not agree that the value of Mindbody Class A common stock was different from the price at which that stock traded on the public market.

- 24 -

that shares traded at before 4:15 p.m. (EST). Shares tendered on February 15, 2019 do not count as sales and are not eligible for a recovery.

62. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

63. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

64. Purchases or acquisitions and sales of Mindbody Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Mindbody Class A common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of such shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares unless (i) the donor or decedent purchased or otherwise acquired such shares of Mindbody Class A common stock; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Mindbody Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

- 25 -

65. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. Because of the administrative costs associated with making payments, if the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

66. Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization, to be designated by Co-Lead Plaintiffs and approved by the Court.

67. Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants. No person will have any claim against Co-Lead Plaintiffs, Lead Counsel, their damages experts, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Co-Lead Plaintiffs, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment

or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

68.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

69.    If you *sold* Mindbody publicly traded Class A common stock (Ticker: MB) during the period from November 6, 2018 through February 15, 2019, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.15 per Notice, plus postage at the current pre-sort rate used by the

Claims Administrator, for Notices mailed by nominees; or $0.05 per mailing record and email address provided to the Claims Administrator.

70.     Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Mindbody Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net
(866) 274-4004

Dated: _____, 2022                    BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

# Redlined Version of Proof of Claim Form

REVISED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**PROOF OF CLAIM AND RELEASE**

**A.  GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *In re Mindbody, Inc. Sec. Litig.*, No. 1:19-cv-08331-VEC (S.D.N.Y.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET NO LATER THAN SEPTEMBER 27, 2022 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN SEPTEMBER 27, 2022, ADDRESSED AS FOLLOWS**:

*Mindbody Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net

4.      If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.  RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

**B.  CLAIMANT IDENTIFICATION**

1.      If you sold shares of the publicly traded Class A common stock of Mindbody, Inc. ("Mindbody") (Ticker: MB) during the period from November 6, 2018 through February 15, 2019, both dates inclusive, (the "Class Period") and held the stock in your name, you were the beneficial owner as well as the record owner.  If, however, you sold Mindbody shares during the Class Period through a third party, such as a brokerage firm, you were the beneficial owner and the third party was the record owner.

2.      Use Part I of this form entitled "Claimant Information" to identify each beneficial owner of Mindbody publicly traded Class A common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).  All joint owners must sign this claim.

3.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

**C.  IDENTIFICATION OF TRANSACTIONS**

1.      Use Part II of this form entitled "Schedule of Transactions in Mindbody Publicly Traded Class A Common Stock" to supply all required details of your transaction(s) in Mindbody shares.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) all of your holdings of Mindbody shares as of the close of trading on November 6, 2018; (ii) all of your purchases, acquisitions, and sales of Mindbody shares from November 6, 2018 (after close of trading) through February 15, 2019, both dates inclusive; and (iii) all of your holdings in Mindbody shares at the close of trading on February 15, 2019, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Shares tendered on February 15, 2019 do not count as sales and are not eligible for a recovery.

3.      Copies of broker confirmations or other documentation of your transactions in Mindbody publicly traded Class A common stock must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MINDBODY SHARES.**

4.      NOTICE REGARDING ELECTRONIC FILING: Certain claimants with large numbers of transactions may request, either personally or through a legal representative ("Representative Filers"), to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Claim Administrator website.  All

such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or efile@strategicclaims.net to obtain the required file layout.  The Claims Administrator may also request that claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5.    NOTICE REGARDING ONLINE FILING:    Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing.  After filing, you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet reporting your transactions together with your Claim Form.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

| | | |
|---|---|---|
| Beneficial Owner Name | | |
| Co-Beneficial Owner Name | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (apartment, unit, or box number) | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Telephone Number (home) | Telephone Number (work) | |
| Email Address | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|
|  |  |  |

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
☐ Corporation   ☐ Estate
☐ IRA/401K   ☐ Other _____ (please specify)

## PART II – SCHEDULE OF TRANSACTIONS IN MINDBODY
## PUBLICLY TRADED CLASS A COMMON STOCK

| **1. HOLDINGS AS OF CLOSE OF TRADING ON NOVEMBER 6, 2018** – State the total number of shares of Mindbody Class A common stock held as of the close of trading on November 6, 2018. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 6, 2018 (AFTER CLOSE OF TRADING) THROUGH FEBRUARY 15, 2019.** Separately list each and every purchase/acquisition of Mindbody Class A common stock from after the close of trading on November 6, 2018 through and including the close of trading on February 15, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |

| **3. SALES FROM NOVEMBER 6, 2018 (AFTER CLOSE OF TRADING) THROUGH FEBRUARY 15, 2019**– Separately list each and every sale of Mindbody Class A common stock from after the close of trading on November 6, 2018 through and including the close of trading on February 15, 2019. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ○ |

- 4 -

| / / | | $ | $ | o |
|---|---|---|---|---|
| / / | | $ | $ | o |
| / / | | $ | $ | o |
| **4. HOLDINGS AS OF THE CLOSE OF TRADING ON FEBRUARY 15, 2019** – State the total number of shares of Mindbody Class A common stock held as of the close of trading on February 15, 2019. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br><br>o |
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐ | | | | |

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

### YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

1.      I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated March 3, 2022 (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Mindbody securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same sales of Mindbody Class A common stock during the Class Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiff's Claims each and all of the Released Defendant Parties, both as defined in the accompanying Notice.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Mindbody Class A common shares which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

5.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                              (Month / Year)           (City)       (State/Country)

_____        _____
Signature of Claimant                           Signature of Joint Claimant, if any


_____        _____
Print Name of Claimant                          Print Name of Joint Claimant, if any

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)


## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and acknowledgement.

2.  If this claim is being made on behalf of Joint Claimants, then both must sign.

3.  Remember to attach copies of supporting documentation, if available.

4.  **Do not send** originals of certificates.

5.  Keep a copy of your Claim Form and all supporting documentation for your records.

6.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send your new address to:

    *Mindbody Securities Settlement*
    c/o Strategic Claims Services
    P.O. Box 230
    600 N. Jackson Street, Suite 205
    Media, PA  19063
    www.strategicclaims.net
    (866) 274-4004

8.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Redlined Version of  Summary Notice

REVISED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which sold shares of the publicly traded Class A common stock of MINDBODY, Inc. ("Mindbody" or the "Company") during the period from November 6, 2018 through February 15, 2019, inclusive, and were allegedly damaged thereby ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Mindbody, Richard L. Stollmeyer, Brett White, and Eric Liaw (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $9,750,000 (the "Settlement").

A hearing will be held before the Honorable Valerie E. Caproni, either in person or remotely in the Court's discretion, on ——————, October 27, 2022, at ———— —:2:30 p.m. in Courtroom 443 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated ——————————, March 3, 2022; (iii)

approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice.  Information about any changes to the hearing will be posted on the Claims Administrator's website at www.strategicclaims.net. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the Claims Administrator's website www.strategicclaims.net or by contacting the Claims Administrator at:

*Mindbody Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
(866) 274-4004

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than***

2

_____ __*September 27,* 2022.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than September 27*_____ __*, 2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than September 27*_____ *, 2022*.

**~~PLEASE~~ DO NOT CONTACT THE COURT, DEFENDANTS, OR**
**DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2022          BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF NEW YORK

3