**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) CO-LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN <u>AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT.......................................................................................................................2

I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION..........................2

II.     THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION................5

CONCLUSION....................................................................................................................5

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Court-appointed Co-Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. ("Co-Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Co-Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 133); and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 135) (the "Motions").[1]

## PRELIMINARY STATEMENT

Now that the September 27, 2022 deadline for seeking exclusion from the Settlement Class and the October 14, 2022 deadline for objecting to the Settlement have both passed, Co-Lead Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses has been overwhelmingly positive. A total of 22,387 Notice and Claim Forms have been mailed to potential Settlement Class Members or their nominees through October 20, 2022. *See* Supplemental Declaration of Margery Craig Concerning Updates on: (A) Mailing of the Notice and Claim Form; (B) Report on Requests for Exclusion; and (C) Claims Received, dated October 20, 2022, at ¶3, filed herewith ("Supp. Mailing Decl."). Additionally, the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire* on June 27, 2022. *See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date, dated September 30, 2022, at ¶10 (ECF No. 137-3).

---

[1] All capitalized terms used herein that are not defined have the same meanings given to them in the Stipulation and Agreement of Settlement, dated as of March 3, 2022 (the "Stipulation"), previously filed with the Court (ECF No. 118-1).

There have been **no objections** to the proposed Settlement or Plan of Allocation, and **no** objections to the Fee and Expense Application.  In addition, **only one** request for exclusion has been received, which is invalid for not providing any information about the requester's trading in Mindbody common stock during the Class Period.  *See* Supp. Mailing Decl. at ¶5.  Accordingly, Co-Lead Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses.

## ARGUMENT

### I.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 22,387 copies of the Notice and Claim Form to all potential Settlement Class Members and/or their nominees identified to date.  *See* Supp. Mailing Decl. at ¶3.  The Notice provided the terms of the proposed Settlement and Plan of Allocation, and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $800,000.  The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, and the October 14, 2022 deadline for filing such objections.

In addition, copies of the Notice, Claim Form, Stipulation, and Complaint were posted on webpage designated for this Settlement, www.strategicclaims.net/mindbody, as well as the website of Lead Counsel.  Further, on June 27, 2022, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* on July 1, 2022 (ECF No. 137-3 at ¶10), informing readers of the proposed Settlement, how to obtain copies

2

of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On October 4, 2022, pursuant to the schedule set forth by the Court in the Preliminary Approval Order, Co-Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 133-137), the webpage designated for the Settlement (www.strategicclaims.net/mindbody), and Lead Counsel's firm website—described Co-Lead Plaintiffs' and Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense awards requested.

Following this thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd, In re Facebook Inc.* 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Wal-Mart*, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval).

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at \*10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at \*11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at \*14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation") (citation omitted).

Similarly, the paucity of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at \*2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and

4

valid").  Here, in response to the 22,387 Notices mailed to date, the Claims Administrator has received one, invalid, request for exclusion from the Settlement Class.  *See* Supp. Mailing Decl. at ¶5.

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION

As to Lead Counsel's request for an award of attorneys' fees and for payment of expenses, the Notice reported that Lead Counsel would request a fee award not to exceed 30% of the Settlement Fund, which will include accrued interest, if any, and payment of Litigation Expenses not to exceed $800,000, plus accrued interest, if any.  The absence of any objections to the requested fee or expense award also weighs strongly in its favor.  *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *Veeco,* 2007 WL 4115808, at *10 (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Co-Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses.  Three proposed orders are being submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan

of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

Dated: October 20, 2022                    Respectfully submitted,

                                           **LABATON SUCHAROW LLP**

                                           */s/ Carol C. Villegas*
                                           Carol C. Villegas
                                           David J. Schwartz
                                           Jake Bissell-Linsk
                                           140 Broadway, 34th Floor
                                           New York, NY  10005
                                           Telephone: (212) 907-0700
                                           Facsimile: (212) 818-0477
                                           cvillegas@labaton.com
                                           dschwartz@labaton.com
                                           jbissell-linsk@labaton.com

                                           *Lead Counsel for Walleye Trading LLC and*
                                           *Walleye Opportunities Master Fund Ltd. and the*
                                           *Proposed Settlement Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

/s/ *Carol C. Villegas*
CAROL C. VILLEGAS