USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter came on for hearing on October 27, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses, including an award to Co-Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995.  The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of March 3, 2022 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort, and they were given the opportunity to object by October 14, 2022. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees and Litigation Expenses.

5. Lead Counsel is hereby awarded attorneys' fees in the amount of $2,925,000, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 30% of the Settlement Fund) and $560,715.36 in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $9,750,000 in cash that has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Co-Lead Plaintiffs, sophisticated institutional investors that oversaw the prosecution and resolution of the Action;

(c) 22,387 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and Litigation Expenses in an amount not to exceed $800,000;

(d) The Action required the navigation of highly challenging and complex issues concerning damages, loss causation, falsity, scienter, and materiality within the scope of Mindbody's business and a merger, as well as issues related to class certification, such as whether the fraud on the market presumption of reliance could be applied in this case;

(e) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Co-Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g) The attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable under the circumstances of this case and consistent with awards made within this District;

(h) Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i) Lead Counsel expended more than 6,500 hours with a lodestar value of $3,254,648.50, to achieve the Settlement, representing a substantial effort.

7.	Co-Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. are hereby collectively awarded $8,000 from the Settlement Fund in connection with their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.	Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Lead Counsel, shall in no way disturb or affect the finality of the Judgment.

9.	Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.	In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.	There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED this  27   day of   October  , 2022

_____
HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE